IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-03147-BO

**Reginald Fullard**,

        Plaintiff,

v.

**Frank Perry,** *et al.*,

        Defendants.

**Order &
Memorandum & Recommendation**

      Plaintiff Reginald Fullard commenced this action on June 24, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). For the following reasons, Fullard's deliberate indifference claims will be allowed to proceed. However, the undersigned recommends that Fullard's claims related to the grievance procedure at Lumberton Correctional Institution ("Lumberton") be dismissed.

**I.    Review Under 28 U.S.C. § 1915A**

      The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. §1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

      The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally

1

frivolous if it is "based on an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citations omitted).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011) *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Harris's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

**A. Deliberate Indifference**

Fullard contends that defendants were deliberately indifferent to his serious medical needs. Compl. at 3–5, D.E. 1. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). To prevail on an Eighth Amendment claim, "a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). The first element "is satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* "Deliberate indifference" requires that the prison official(s) knew of and ignored the inmate's serious medical needs. *Young v. City of Mount Ranier*, 238 F.3d 567, 575–76 (4th Cir. 2001) (citing *White ex rel. Chambliss*, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference ... implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding the notice.")).

Here, Fullard asserts that he was prescribed a "personal cane" and a wheelchair by "Raleigh prison doctors and physical therapists." Compl. at 4, D.E. 1. He contends that

3

defendants have taken his cane and wheelchair from him, and he has sustained numerous falls as a result. *Id.* at 3-4. Fullard alleges that defendants provided "inadequate medical care" for the injuries he sustained during these falls. *Id.* at 3. In addition, Fullard alleges that these falls have exacerbated his other "chronic medical disabilities." *Id.* at 3-4. Because it does not clearly appear from the face of the complaint that Fullard is not entitled to relief, this claim is allowed to proceed.

### B. Grievance Procedure

Fullard also contends that defendants "denied me proper grievance resolution", and as relief he seeks "improvements and policy enacted changes in the filings of grievances pertaining to medical situation[s]." Compl. at 4-5, D.E. 1. However, Fullard does not have a constitutional right to participate in a grievance process. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, a prison official's alleged failure to comply with the grievance procedure is not actionable under § 1983. Accordingly, the undersigned recommends that the court dismiss this claim.

## II. Conclusion

Based on the foregoing, Fullard's deliberate indifference claims will be allowed to proceed. The Clerk of Court shall proceed with management of Fullard's deliberate indifference claims under the provisions of Standing Order 14-SO-02 regarding service of process upon current and former employees of the North Carolina Department of Public Safety. If service on the Defendants pursuant to the standing order fails, the court directs the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

In addition, the undersigned recommends that Fullard's claims related to the grievance procedure at Lumberton be DISMISSED.

Finally, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 15, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE