IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3147-BO

REGINALD FULLARD, )
)
Plaintiff, )
) **ORDER**
v. )
)
FRANK PERRY, *et al.*, )
)
Defendants. )

On April 15, 2016, Magistrate Judge Numbers issued an Order and Memorandum and Recommendation ("M & R") [D.E. 11]. In that M & R, Judge Numbers continued management of plaintiff's deliberate indifference claims and recommended that the court dismiss plaintiff's claims related to the grievance procedure at Lumberton Correctional Institution ("Lumberton"). Plaintiff filed objections to the M & R [D.E. 12]. Also before the court is plaintiff's "motion for forced disclosure" [D.E. 13]. For the following reasons, the court adopts Judge Numbers' recommendation and denies plaintiff's motion for forced disclosure.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, contending that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff asserts that defendants have taken a medically prescribed cane and wheelchair from him. Compl. [D.E. 1], 3-4. He also alleges that, because he has been deprived of his cane and wheelchair, he has fallen numerous times. Id. Finally, plaintiff states that defendants did not provide proper medical treatment for the injuries he sustained as a result of these falls. Id. In order to prove a deliberate indifference claim, plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Because it does not clearly appear from the face of the complaint that plaintiff is not entitled to relief, the clerk of court is directed to continue management of this claim.

Plaintiff also contends that defendants "denied me proper grievance resolution," and as relief he seeks "improvements and policy enacted changes in the filings of grievances pertaining to medical situation[s]." Compl. [D.E 1], 4-5. To the extent plaintiff seeks to allege a claim

2

arising out his participation in the administrative remedy procedure, plaintiff does not have a constitutional right to have available or to participate in an effective grievance process. See Adams v. Rice, 40 F.3d at 75; see also, Oliver v. Myers, No. 7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; see also, Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009) ("Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983."). Accordingly, plaintiff's claims relating to the grievance procedure at Lumberton are dismissed.

Finally, in his "motion for forced disclosure," plaintiff seeks "a court order for all medical records held by the State of North Carolina Department of Corrections." Mot. [D.E. 13], 1. However, defendants have not yet been served with the summons and complaint in this action, and likewise have not been served with plaintiff's discovery requests. Accordingly, plaintiff's discovery motion [D.E. 13] is DENIED without prejudice as premature. Plaintiff is advised that he must make his discovery requests directly to defendants in accordance with the Federal Rules of Civil Procedure.

In sum, the court has reviewed the M & R, the record, and the plaintiff's complaint. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M & R [D.E. 11]. Plaintiff's claims relating to the grievance

3

Case 5:15-ct-03147-BO   Document 16   Filed 01/26/17   Page 3 of 4

procedure at Lumberton are DISMISSED, and his discovery motion [D.E. 13] is DENIED without prejudice. The clerk of court is directed to continue management of plaintiff's remaining claims. The clerk shall manage the action pursuant to Standing Order 14-SO-02. If service on any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 25 day of January 2017.

TERRENCE W. BOYLE
United States District Judge